ORIENTAL MERCHANTS ASSOCIATION OF HARLEM, INC., and Another, Plaintiffs, *v.* LEWIS J. VALENTINE, Individually and in His Official Capacity as Commissioner of the Police Department of the City of New York, Defendant.

Supreme Court, Special Term, New York County, February 3, 1938.

*Benjamin Glickman,* for the plaintiff.

*William C. Chanler, Corporation Counsel* [*Samuel J. Silverman* of counsel], for the defendant.

SCHMUCK, J. Motion denied. Proponent of this motion seeks to restrain the police commissioner from stationing uniformed police officers on its premises. The commissioner, believing the criminal law against the maintaining of a gambling house is being violated, insists that in the enforcement of the law, and particularly to avoid a violation thereof, it is necessary to invoke the drastic procedure which occasions this application. Whenever the actions of the police are involved sight must not be lost of the requirements and needs of good government. No matter how trivial the offense, it is infinitely better to avoid the commission of crime rather than to await its commission and then punish. In the interests of peace and order the individual is oft compelled to suffer inconvenience, if not humiliation. If innocent, relief and vindication will speedily ensue; if guilty, there is no cause for complaint. While it is still true that a man's house is his castle and free from invasion, it is equally true that this right depends upon obedience to law and that it cannot be used as a shield to commit crime.

It is no new doctrine in our jurisprudence that in furtherance of order and security the police power may be exercised in the manner against which the protagonist of this motion lodges complaint. It has been a guiding principle of law that equity will not interfere with the enforcement of the criminal law. In *Delaney* v. *Flood* (183 N. Y. 323, 329) the court made the following enunciation: " The whole subject may be briefly summed up in the statement that we see nothing in the case at bar to take it out of the ordinary rule that equity will not interfere to prevent the enforcement of the criminal law. If the plaintiff has been oppressed and injured by any unlawful act of the defendant he may invoke the Penal Code (§ 556) or he may have an action at law for his damages."

This principle has been reiterated in matters too numerous to mention. Unfailingly, whenever this proposition has been advanced, the court has unvaryingly followed *Delaney* v. *Flood.* In view of the unsavory reputation of the petitioner, the suspicious use to which the premises are put, the incomprehensible safeguard in the nature of unusually strong doors, peepholes, and other appliances generally connected with the conduct of a gambling house, the precautions of the police commissioner are not condemnable and should not be impeded. Until satisfactory explanation is given for the relatively constant attendance of thirty to

fifty men in the basement of a supposed grocery store, standing around and doing nothing, the action of the police commissioner in stationing an officer in the premises to prevent possible criminal acts will not be interfered with, for the suspicion of gambling on the premises is well justified.