In the Matter of 674 CAFE, INC., Petitioner, against FRANCIS H. ADAMS, as Police Commissioner of the City of New York, Respondent.

Supreme Court, Special Term, New York County, July 2, 1954.

*Direnzo & Martoccia* for petitioner.

*Adrian P. Burke, Corporation Counsel* (*Milton Molen* and *Angelo P. Rise* of counsel), for respondent.

GELLER, J. This is an article 78 proceeding in which petitioner seeks an order directing the police commissioner to withdraw police officers assigned to petitioner's place of business and to remove a " Raided Premises " sign therefrom.

As a result of numerous arrests involving customers frequenting petitioner's establishment and reports received from military and official sources concerning the activities of the patrons, the police commissioner designated the place as " Raided Premises " and stationed police officers there during business hours. With the exception of one incident concerning an employee of petitioner who was subsequently acquitted, all of the other arrests, two of which resulted in convictions, were of petitioner's customers. The petitioner had no direct connection with these occurrences and asserts it cannot be held accountable for the actions of its patrons. It is claimed that the action of the commissioner in singling out petitioner's place of business for surveillance is arbitrary and illegal since the petitioner by being deprived of its business is caused irreparable damage.

Petitioner concedes that there is an absence of authority sustaining an article 78 proceeding against the police commissioner in a situation of this character. It attempts to justify its resort to article 78, rather than to a plenary suit for injunction, on the grounds that it is doubtful that injunctive relief would be granted and that in any case a summary rather than a plenary remedy is called for. However, regardless of whether petitioner's remedy is by way of an article 78 proceeding or injunctive relief, the determination of this application resolves itself into whether the commissioner is acting arbitrarily and capriciously in keeping petitioner's premises under surveillance.

While the petitioner was not directly connected with the incidents and its business has been injured by the action of the commissioner, the inconvenience and damage suffered by petitioner is subordinate to the interests and welfare of the public and furnishes no basis for interference by the court with the respondent's efforts to prevent the commission of crime (*Oriental Merchants Assn. of Harlem* v. *Valentine,* 167 Misc. 373). Therefore, since the respondent is compelled by statute to prevent crime as well as to arrest lawbreakers, irrespective of whether the action taken by the commissioner in conformity with the duties imposed by law cause injury to petitioner, the court will not substitute its judgment for that of the commissioner where a reasonable ground for the commissioner's belief that the premises must be kept under police supervision has been shown (*Kalwin Business Men's Assn.* v. *McLaughlin,* 216

App. Div. 6; *Rutlee Hotel Corp.* v. *Valentine,* 53 N. Y. S. 2d 904; *Latham Hotel Realty Corp.* v. *Valentine,* 183 Misc. 883).

As the pleadings and affidavits establish that the action of the commissioner was neither arbitrary nor unlawful, this application must be denied.